InsiiEX, J.
The plaintiffs, in virtue of a final judgment which they had obtained against the defendant on certain mortgage notes, had caused to be seized and advertised for sale the hypothecated property, when *224 John H. Schenck, claiming a prior lien on the property seized, to secure the sum of $36,000, which said sum he avers James McHatton undertook and assumed to pay when he bought the property. He prays that this amount be retained by the sheriff, and that his said claim be paid out of it. Against the claim thus set up, the plaintiffs in their answer contend, among other things, that the pretended mortgage to Schenck has lost its rank and effect by lapse of time and non-registry ; and that by the operation of law and the laches of said Schenck, the plaintiffs’ mortgage takes precedence.
The court below, on the ground also that the opponent’s mortgage had not been legally reinscribed, dismissed his opposition, and gave judgment therein in favor of the plaintiff's, and Schenck has appealed.
The third opponent, in his brief, complains that the record is unnecessarily voluminous, which it certainly is, involving as it does, as he properly contends, but two questions, which is, whether by the want of reinscription of his mortgage, its effect as to the plaintiffs is gone, and the effect of the clause in the sheriff’s sale, to which allusion will be made.
The mortgage to him from Holt and Hutchinson, the one he claims under, was recorded on the 1st of May, 1855, and it was cancelled and erased at the request of the plaintiffs, on the 3d of March, 1866, for want of reinscription.
The necessity for the registry and reinscription of a mortgage cannot be questioned. O. O. 3333, 2 A. 100. 6 A. 321. 10 A. 596. 12 A. 216. 11 -A. 390. 13 A. 569.
The opponent, Schenck, however, pleads vis major as a legal excuse for having failed to reinscribe the mortgage, and invokes the maxim, Contra non valentem agere non curritprcescriplio, and he relies on a clause in the sheriff’s deed to McHatton, under a fieri facias, by which it appears that of the price at which the property was adjudicated to him a part of the price w’as paid in cash and “ the balance of the said adjudication retained in said purchaser’s hands, to satisfy the mortgage in favor of John H. Schenck for $36,000.
As to the vis major, admitting that the mortgage notes held by Schenck were mislaid in his counsel’s hands, that did not prevent his obtaining from the proper office a copy of his act of sale and mortgage to be reinscribed, particularly, as the original act was on record upon the spot at which the reinscription should have been made, and he had ample time and opportunity to make it.
This Court has lately held that inscription ceases to be evidence of a mortgage after the lapse of ten years, and that it is not subject to the rules of prescription. 18 A. 133. Britton & Koontz v. Jas. Norment, Recorder, Op. Book 35, p. 740.
McHatton purchased the property at a sale made by the sheriff several years previous to the date of the mortgage granted by him to the plaintiffs; and in the sheriff’s deed is a clause which the opponent relies upon to place his lien above that of the plaintiffs.
By this sale, which was a cash one, it appears that McHatton paid the cash portion of the price, and as the deed shows “ the balance of said adjudication was retained in the said purchaser’s hands to satisfy the *225 mortgage in favor of John H. Schenck for 836,100.”
This claim of Scheuck’s being an hypothecary one, formed a part of the price of adjudication, and the purchaser bought the property subject to that lien; but no mortgage resulted directly irons, the sheriffs sale to secure it, beyond the original lien.
The whole unpaid price, however, of the sheriffs sale, was secured by the vendor’s privilege, but for want of due and timely inscription of the sheriff’s deed in the proper office, theprivilege which the law accorded to Schenck as a mortgage creditor on the land adjudicated to McHatton, “ degenerated,” as this Court said in the case of Taylor et al. v. Crain’s administrator, 16 La. 292; 3240-41, into an ordinary mortgage, which took effect only from the date of the inscription, long previorrs to the date of the plaintiffs’ lien, acquired by them long afterwards from McHatton. But was there any lien inscribed against the land in controversy, when the case was tried in the court below ? We must presume not, as by the certificate of the recorder in evidence, dated about the time of, or shortly previously to the trial, not opposed or rebutted, and which we deem prima facie evidence, it appears that no mortgage whatever was recorded in favor of Schenck. Art. 3356, C. C.
Believing however that the opponent relied upon the recorded sheriff’s deed, and did not therefore offer evidence to rebut the recorder’s certificate, we think justice requires that the case be remanded to enable him to show that his mortgage, resulting from the sheriff’s sale, was never cancelled, and that it is still extant upon the records of the recorder. C. P., Art. 906.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that the case be remanded for a new trial, and for further proceedings according to law, at the costs of the appellees.